UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Miriam Eissenberg | Civil Action No: _____ |
| Plaintiff, | **COMPLAINT** |
| -v.- | |
| Pioneer Credit Recovery, Inc. | |
| Defendant. | |

Plaintiff Miriam Eissenberg ("Plaintiff" or "Eissenberg") by and through her attorneys, RC Law Group, PLLC, as and for its Complaint against Defendant Pioneer Credit Recovery, Inc. ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1.     Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

2.     Additionally Plaintiff brings this action for damages and declaratory and injunctive relief arising from Defendant's violations of section 227 et.seq. of Title 47 of the United States Code, commonly referred to as the Telephone Consumer Protection Act ("TCPA").

**PARTIES**

3.  Plaintiff is a resident of the State of New York, County of Rockland, residing at 2 Van Winkle Road, Monsey, NY 10952.

4.  Defendant is a debt collector with an address at 26 Edward Street, Arcade, NY 14009.

5.  Pioneer Credit Recovery, Inc. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA.

**JURISDICTION AND VENUE**

6.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

7.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**FACTUAL ALLEGATIONS**

8.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

9.  On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

10.  This debt was  incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

11.     Defendant placed multiple collection calls to Plaintiff's cell phone.

12.     Plaintiff never authorized Defendant or any creditor to call her cell phone.

13.     Defendant continued to harass Plaintiff with phone calls including calling multiple times in a day.

14.     Collection in this fashion is nothing more than collection in an attempt to harass the debtor.

15.     These calls from Defendant to Plaintiff was a collection communications in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692f(1).

16.     These calls from Defendant to Plaintiff was a collection communications in violation of numerous and multiple provisions of the TCPA, including but not limited to 47 U.S.C. § 227 (b)(1)(A) and 47 U.S.C. § 227(c)(5)(B).

17.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

### *Respondeat Superior Liability*

18.     The acts and omissions of the debt collectors employed as agents by Defendants who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

19.     The acts and omissions by the other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendants in collecting consumer debts.

20.     By committing these acts and omissions against Plaintiff, the debt collectors were motivated to benefit their principal, Defendant.

21.     Defendant is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by these individual Defendant and its collection employees, including but not limited to violations of the FDCPA and TCPA, in their attempts to collect this debt from Plaintiff.

*Summary*

22.     The above-detailed conduct by Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA and TCPA, including but not limited to all of the above-mentioned provisions of the FDCPA and TCPA.

23.     Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions.

24.     As a result of Defendant's deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged.

**FIRST CAUSE OF ACTION**
**(Violations of the FDCPA)**

25.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully state herein with the same force and effect as if the same were set forth at length herein.

26.     Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(7), 1692e(8), 1692e(10), 1692f, and 1692f(1).

27.     As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

**SECOND CAUSE OF ACTION**
**(Invasion of Privacy By Intrusion Upon Seclusion)**

28.     Plaintiff repeats, reiterates and incorporates the allegations contained in all of the paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein.

29.     Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

30.     Defendant intentionally caused harm to Plaintiff's emotional well-being by engaging in highly offensive conduct in the course of collecting a debt.

31.     Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

32.     The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

33.     As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## THIRD CAUSE OF ACTION
## (VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT)

34.     Plaintiff repeats, reiterates and incorporates the allegations contained in all of the paragraphs of this Complaint with the same force and effect as if the same were set forth at length herein..

35.     The TCPA prohibits a person from making any non-emergency call using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone phone number assigned to a cellular telephone service. 47 U.S.C. § 227 (b), See 47 CFR 64.1200 (a)(1).

36.     Defendant used an automatic telephone dialing system when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A), 47 CFR 64.1200 (a)(1).

37.     Defendant used an artificial or prerecorded voice when it called Plaintiff's cellular telephone in violation of 47 U.S.C. § 227 (b)(1)(A).

38.     Defendant willfully or knowingly violated the TCPA, 47 U.S.C. § 227, entitling Plaintiff to three times the damages available under 47 U.S.C. § 227(c)(5)(B).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Miriam Eissenberg demands judgment from the Defendant Pioneer Credit Recovery, Inc., as follows:

a)      For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)1);

b)      For statutory damages provided and pursuant to 15 U.S.C. § 1692k(2)(A);

c)      For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d)      A declaration that the Defendant's practices violated the FDCPA; and

e)      For a declaration that Defendant's telephone calls to Plaintiff violated the TCPA;

f)      For an award of damages consistent with the TCPA, 47 U.S.C. § 227(c)(5)(B);

g)       For an award of triple the damages available under 47 U.S.C. § 227(c)(5)(B) for willful or knowing violations of the TCPA; and

h)      For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

.

Dated: Hackensack, New Jersey
       July 27, 2016


              /s/ Daniel Kohn
       **RC Law Group, PLLC**
       By:  Daniel Kohn
       285 Passaic Street
       Hackensack, NJ 07601
       Phone: (201) 282-6500 Ext. 107
       Fax: (201) 282-6501